| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **FOR THE EASTERN DISTRICT OF CALIFORNIA** | |
| RAMON NAVARRO LUPERCIO, <br><br> Plaintiff, <br><br> v. <br><br> VISALIA POLICE DEPARTMENT, <br><br> Defendant. | **Case No. 1:18-cv-00036-LJO-EPG** <br><br> **ORDER RE MOTION TO DISMISS** <br><br> **(ECF No. 7)** |

Plaintiff Ramon Navarro Lupercio ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is presently incarcerated for attempted murder with a firearm enhancement. *See Lupercio v. Gonzalez*, No. 1:08-CV-0012 LJO WMW HC, 2008 WL 5156646, at *1 (E.D. Cal. Dec. 9, 2008), *report and recommendation adopted*, No. 1:08-CV-0012 LJO WMW HC, 2009 WL 159392 (E.D. Cal. Jan. 22, 2009). On January 8, 2018, Plaintiff filed a civil complaint pursuant to 42 U.S.C. § 1983 against the Visalia Police Department, alleging that officers of that department destroyed evidence that Plaintiff wanted to submit for DNA testing. ECF No. 1. Plaintiff maintains that the evidence would have shown he did not perpetrate the murder for which he was convicted. *See generally id.*

Before the Court is Defendant's motion to dismiss. ECF No. 7. Defendant argues that Plaintiff's complaint is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff did not timely oppose the motion, barring him from being heard in opposition to the motion. E.D. Cal. L.R. 230(c). The matter is suitable for decision on the papers without oral argument pursuant to Local Rule 230(g).

This is not the first time Plaintiff has brought claims of this nature in this Court. Addressing a similar claim brought in 2013, the assigned magistrate judge recommended dismissal based on the following reasoning:

> Plaintiff claims that he was wrongfully convicted based on Defendants' false testimony and/or destruction of evidence. Prisoners in state custody "cannot use a § 1983 action to challenge 'the fact or duration of [their] confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). A habeas corpus action is the appropriate avenue for relief to invalidate their imprisonment. *Id*. Although Plaintiff here is seeking damages, and not release from prison, a § 1983 action for damages will not lie where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction". *Heck v. Humphrey*, 512 U.S. 477, 481-482, (1994). Plaintiff may not pursue a § 1983 damages for this claim until Plaintiff can prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id*. at 487.
>
> Plaintiff's complaint may state a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), for the violation of Plaintiff's due process rights caused by the prosecution's suppression of evidence favorable to Plaintiff. However, any claim under *Brady* would be barred under the *Heck* doctrine. A *Brady* claim falls within the *Heck* doctrine and therefore requires Plaintiff to first demonstrate that his conviction has been reversed, expunged, declared invalid or otherwise called into question. *Heck*, 512 U.S. at 479 (barring claim that the defendants knowingly destroyed exculpatory evidence); *Skinner v. Switzer*, [562 U.S. 521, 537] (2011) (recognizing that *Brady* claims "ranked within the traditional core of habeas corpus and outside the province of § 1983"). Since Plaintiff has not alleged that his conviction has been reversed, expunged, declared invalid or otherwise called into question, Plaintiff's complaint fails to state any cognizable claims and should be dismissed.

*Lupercio v. Visalia Police Dep't*, No. 1:13-CV-01028-LJO, 2013 WL 5375639, at *2 (E.D. Cal. Sept. 24, 2013) (*findings and recommendations adopted* October 31, 2013, *aff'd*, Case No. 13-17363 (9th Cir. Sept. 25, 2014)).

The same reasoning applies here. To maintain an action under § 1983, a plaintiff must allege sufficiently a violation of the laws of the United States, including the United States Constitution. *Brady*, 373 U.S. 83, could, in theory, provide the basis for a cause of action concerning destruction of evidence.

2

In *Brady*, the Supreme Court held "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. Under *Brady,* evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682 (1985). Upon the showing of a *Brady* violation, the defendant is entitled to a new trial. *See Strickler v. Greene,* 527 U.S. 263, 289-90 (1999); *see also United States v. Lewis*, 368 F.3d 1102, 1107 (9th Cir. 2004) (holding that a second trial is an appropriate remedy under *Brady*).

Here, a finding in favor of Plaintiff on a *Brady* claim would necessarily require a finding that the evidence in question was material and would entitle Plaintiff to a new trial. For this reason, his claim for damages under § 1983 is barred by *Heck* and must be dismissed. Because Plaintiff cannot "demonstrate that [his] conviction or sentence has already been invalidated," *Heck*, 512 U.S. at 487, there is no way to cure this defect on amendment, and dismissal must be without leave to amend.

Accordingly, Defendant's motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND. The hearing on the motion, currently set for May 21, 2018, is VACATED.

IT IS SO ORDERED.

Dated: **May 14, 2018**           **/s/ Lawrence J. O'Neill**
                                  UNITED STATES CHIEF DISTRICT JUDGE