# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON NAVARRO LUPERCIO,<br><br>Plaintiff,<br><br>v.<br><br>VISALIA POLICE DEPARTMENT,<br><br>Defendant. | Case No. 1:18-cv-00036-LJO-EPG<br><br>**ORDER RE REQUEST TO PERMIT FILING OF AN OPPOSITION, CONSTRUING SAME AS A MOTION FOR RECONSIDERATION, AND PERMITTING PLAINTIFF TO FILE A SUPPLEMENTAL BRIEF.**<br><br>(ECF No. 11) |

Plaintiff Ramon Navarro Lupercio ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is presently incarcerated for attempted murder with a firearm enhancement. *See Lupercio v. Gonzalez*, No. 1:08-CV-0012 LJO WMW HC, 2008 WL 5156646, at *1 (E.D. Cal. Dec. 9, 2008), *report and recommendation adopted*, No. 1:08-CV-0012 LJO WMW HC, 2009 WL 159392 (E.D. Cal. Jan. 22, 2009). On January 8, 2018, Plaintiff filed a civil complaint pursuant to 42 U.S.C. § 1983 against the Visalia Police Department, alleging that officers of that department destroyed evidence that Plaintiff wanted to submit for DNA testing. ECF No. 1. Plaintiff maintains that the evidence would have shown he did not perpetrate the murder for which he was convicted. *See generally id*. On April 13, 2018, Defendant moved to dismiss, arguing that Plaintiff's complaint is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). ECF No. 7. Plaintiff did not timely oppose the motion, barring him from being heard in opposition to the motion. E.D. Cal. L.R. 230(c). Defendant filed a notice of non-opposition. ECF No. 8. The Court deemed the matter is suitable for decision on the papers without oral argument pursuant to

Local Rule 230(g), ruled that the entire Complaint is barred by *Heck*, and declined to grant Plaintiff an opportunity to amend, as the *Heck* defect cannot be cured by amendment. ECF No. 9.

Plaintiff has now filed a document entitled "Opposition to City of Visalia's Notice of Non-Opposition," in which he indicates that he never received a copy of the motion to dismiss and requests an opportunity to file an opposition. ECF No. 11. The Court will construe this as a request for reconsideration and to set aside the judgment pursuant to Fed. R. Civ. P. 59(e), but does not at this time find cause to set aside the judgment and re-open this case because the defects in Plaintiff's Complaint appear to the Court to be obvious and incurable. In an abundance of caution, however, the Court will not issue a final ruling on Plaintiff's request until Plaintiff has had an opportunity to provide further briefing explaining why his case should not be dismissed. Accordingly, the Clerk of Court is directed to serve on Plaintiff a copy of the Motion to Dismiss and its attachments, ECF Nos. 7 & 7-1, as well as this Court's May 15, 2018 Order Granting that Motion, ECF No. 9, and a copy of this Order. After taking into consideration Defendant's motion and the Court's reasoning in its May 15, 2018 Order, Plaintiff may file a supplement to his motion for reconsideration on or before June 15, 2018. That supplement must address directly why his claims are not barred by *Heck*. The Court will then determine whether a reply by Defendants would be helpful.

IT IS SO ORDERED.

Dated: **May 22, 2018**          **/s/ Lawrence J. O'Neill**
                                  UNITED STATES CHIEF DISTRICT JUDGE

2