# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON NAVARRO LUPERCIO,<br><br>Plaintiff,<br><br>v.<br><br>VISALIA POLICE DEPARTMENT,<br><br>Defendant. | Case No. 1:18-cv-00036-LJO-EPG<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION.**<br><br>(ECF Nos. 11 & 13) |

Plaintiff Ramon Navarro Lupercio ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is presently incarcerated for attempted murder. *See Lupercio v. Gonzalez*, No. 1:08-CV-0012 LJO WMW HC, 2008 WL 5156646, at *1 (E.D. Cal. Dec. 9, 2008), *report and recommendation adopted*, No. 1:08-CV-0012 LJO WMW HC, 2009 WL 159392 (E.D. Cal. Jan. 22, 2009). On January 8, 2018, Plaintiff filed a civil complaint pursuant to 42 U.S.C. § 1983 against the Visalia Police Department, alleging that officers of that department destroyed evidence that Plaintiff wanted to submit for DNA testing. ECF No. 1. Plaintiff maintains that the evidence would have shown he did not perpetrate the murder for which he was convicted. *See generally id*. On April 13, 2018, Defendant moved to dismiss, arguing that Plaintiff's complaint is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). ECF No. 7. Plaintiff did not timely oppose the motion, barring him from being heard in opposition to the motion. E.D. Cal. L.R. 230(c). Defendant filed a notice of non-opposition. ECF No. 8. The Court deemed the matter is suitable for decision on the papers without oral argument pursuant to Local Rule 230(g), ruled that the entire

1

Complaint is barred by *Heck*, and declined to grant Plaintiff an opportunity to amend, as the *Heck* defect cannot be cured by amendment. ECF No. 9.

On May 21, 2018, Plaintiff filed a document entitled "Opposition to City of Visalia's Notice of Non-Opposition," in which he indicated that he never received a copy of the motion to dismiss and requested an opportunity to file an opposition. ECF No. 11. The Court construed this as a request for reconsideration and to set aside the judgment pursuant to Fed. R. Civ. P. 59(e), but did not find cause based on that filing to set aside the judgment and re-open this case because the defects in Plaintiff's Complaint appeared to the Court to be obvious and incurable. In an abundance of caution, however, the Court afforded Plaintiff an opportunity to provide further briefing explaining why his case should not be dismissed. ECF No. 12.

On June 11, 2018, Plaintiff filed a supplemental brief. ECF No. 13. After taking into consideration this latest filing, in light of the entire record, the motion for reconsideration is DENIED. Nothing in the supplemental brief addresses how, in light of *Heck*, this Court can entertain Plaintiff's § 1983 claims given that Plaintiff's underlying conviction remains outstanding.

IT IS SO ORDERED.

Dated: **June 18, 2018**         **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE