# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON NAVARRO LUPERCIO,<br><br>Plaintiff,<br><br>v.<br><br>VISALIA POLICE DEPARTMENT,<br><br>Defendant. | Case No. 1:18-cv-0036-LJO-EPG<br><br>**ORDER DENYING MOTION TO COMPEL DISCOVERY**<br><br>(ECF No. 15) |

Plaintiff has filed what the Court interprets as a motion to compel discovery (ECF No. 13.) He is requesting answers to interrogatories and other information.

Plaintiffs' claims in this action have been dismissed without leave to amend and the case has been closed. (ECF No. 9.) Plaintiff has filed two motions for reconsideration of the order dismissing the case. (ECF No. 11, 13.) Both of his motions for reconsideration were denied and the case remains closed. (ECF No. 14.)

Discovery is not available in a closed case. Accordingly, Plaintiff's motion to compel will be denied.

If Plaintiff still wishes to pursue his claims, even though the District Court has dismissed those claims and closed his case, there are two potential options. This Court cannot give Plaintiff legal advice and does not know if these options are available to Plaintiff based on his

1

circumstances. But given Plaintiff's multiple filings in this closed case, the Court wishes to inform Plaintiff generally of these options for Plaintiff's consideration.

The way to challenge a District Court's dismissal of a case is to file an appeal with the Ninth Circuit Court of Appeals. If Plaintiff wishes to do this, he should review the rules regarding the timing for filing an appeal and the procedure for doing so.

Another possibility may be to file a petition for the writ of habeas corpus. Again, there are rules that apply including requirements to exhaust Plaintiff's claims and timing for filing such a petition. But, to the extent Plaintiff is seeking to obtain evidence to challenge his criminal conviction in state court, as explained in the previous orders in this case (ECF Nos. 9, 14), Plaintiff cannot bring those challenges through a § 1983 action. *See Heck v. Humphrey*, 512 U.S. 477, 481-82 (1994) (a state prisoner may not pursue a § 1983 action that would, if successful, necessarily demonstrate that his conviction is invalid unless he proves that his conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus"); *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (Prisoners in state custody "cannot use a § 1983 action to challenge 'the fact or duration of [their] confinement.'" (citation omitted)). The appropriate avenue for a state prisoner to challenge a criminal conviction, including obtaining evidence to support such a challenge, is through the filing of a writ of habeas corpus in federal court.[1]

Plaintiff's motion to compel discovery (ECF No. 13) is DENIED.

IT IS SO ORDERED.

Dated: **July 2, 2018**　　　　　　　　　　/s/ Eric P. Groj
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] Again, there are rules regarding the availability of relief through a writ of habeas corpus, including timeliness and exhaustion requirements, and a general prohibition on successive petitions for writ of habeas corpus. The Court expresses no opinion as to whether Plaintiff could meet these requirements.